[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Oliver G. Steele was tried by a jury for events that transpired in November 1998, after he allegedly sold drugs to an undercover police officer. The jury found him guilty of cocaine trafficking, felonious assault, failure to comply with a police order, cocaine possession, and preparation of cocaine for sale. In his sole assignment of error, Steele asserts that he received ineffective assistance of counsel. He argues that his counsel was unprepared for trial because counsel did not meet and discuss the case with him until the day before trial.
The general rule for proving ineffective assistance of counsel is that the defendant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's errors prejudiced the trial.[1] In certain extreme cases, counsel's performance is so deficient that prejudice is presumed.[2]
Here, we conclude that counsel's performance was deficient. The fact that counsel did not meet with Steele until the day before trial raises the question of competence.[3] Surely counsel should not let a defendant charged with serious felonies languish in jail almost two months without a visit. But here we do not conclude that counsel's performance was so deficient, at least as reflected by the record before us, that prejudice should be presumed. Although counsel did not meet with Steele until the day before trial, the record reflects that counsel's preparation began about two months earlier, when counsel filed a demand for discovery and a motion for a bill of particulars.
Also, Steele does not point to any acts during the trial itself that were prejudicial. While Steele might be able to present a post conviction claim for relief (any prejudice would almost necessarily be outside of the record), we cannot conclude on the record before us that counsel's performance was so deficient that it affected the outcome of the case.
Therefore, the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Strickland v. Washington (1984), 466 U.S. 668, 687-688,104 S.Ct. 2052, 2064.
[2] See United States v. Cronic (1984), 466 U.S. 648, 659-660,104 S.Ct. 2039, 2047.
[3] See State v. Hendricks (Sept. 18, 1998), Erie App. No. E-96-060, unreported.